# In the United States Court of Federal Claims

(Pro Se)

)
VERLEAN EVERETT,                                )
                                               )
                    Plaintiff,                 )
                                               )        No. 26-908
v.                                             )        (Filed: July 1, 2026)
                                               )
THE UNITED STATES,                             )
                                               )
                    Defendant.                 )
                                               )

## OPINION AND ORDER

On June 23, 2026, pro se Plaintiff Verlean Everett filed a Complaint. While Ms. Everett's assertions are difficult to follow, she seems to primarily allege that she is the victim of the United States' "ungodliness" because of the "oppression, harassment, duress, [and] racial[] discrimination by [her former] employer, [JCPenney,] insurance companies, courts and government agencies." Compl. at 21, ECF No. 1. The government, she asserts, has "forced [her] to live below the poverty level," and the federal courts systems' rulings against her in litigation with JCPenney "caused [her] to lose twenty-five years of job benefits and lowered [her] income." Id.

This conduct, she claims, warrants monetary compensation. Id. Ms. Everett requests monetary reimbursement "like Donald J. Trump[']s 1.776-billion-dollar slush fund." Id. Alternatively, she requests compensation for "the court's corruption against me," explaining that litigation she pursued against JCPenney for racial discrimination in 1999 was improperly handled by a court. Id.; see id. at 1. She further requests monetary relief "to reimburse the money taken by the IRS for Child support and Social Security Retirement benefits" from her ex-husband. Id. at 21; see generally 8–10 (explaining Ms. Everett's grievance with the Social Security Administration and a state child support enforcement agency over their alleged failure to collect arrears owed to her for child support).

This Court must dismiss Ms. Everett's action because it lacks jurisdiction over her various claims. RCFC 12(h)(3). Accordingly, Ms. Everett's Complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

## DISCUSSION

The Tucker Act grants the United States Court of Federal Claims the authority "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Act serves as both a jurisdictional grant and waiver of the government's sovereign immunity, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir.

2008). A plaintiff, therefore, "must identify a separate source of substantive law that creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)).

Pleadings submitted by a pro se plaintiff are "held to less stringent standards than formal pleadings drafted by lawyers" and are "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, a pro se plaintiff still bears "the burden of establishing jurisdiction by a preponderance of the evidence." Roman v. United States, 61 F.4th 1366, 1370 (Fed. Cir. 2023) (citing Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013)).

The Court lacks subject-matter jurisdiction over Ms. Everett's Complaint for several reasons. As noted above, the Court struggles to discern what exactly Ms. Everett's claims are in her Complaint (and whom they are against). However, to the extent Ms. Everett's claims could be construed to allege the United States engaged in tortious conduct or violated the Due Process Clause of the Fifth Amendment, the Court lacks jurisdiction. See 28 U.S.C. § 1491(a)(1); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (first citing Carruth v. United States, 627 F.2d 1068, 1081 (1980); and then citing United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983)). Similarly, the Court does not have jurisdiction over any claims Ms. Everett makes about decisions rendered by other federal district courts. See Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) (citing Allustiarte v. United States, 256 F.3d 1349, 1352 (Fed. Cir. 2001)). And Ms. Everett does not point to a money-mandating statute that confers jurisdiction over her claim for her husband's social security benefits. See Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (first citing Weinberger v. Salfi, 422 U.S. 749, 756–67 (1975); and then citing 42 U.S.C. § 405(g)–(h)).

Further, Ms. Everett's Complaint refers frequently to the actions of private corporations or state entities like JCPenney, her insurance company, a county child support enforcement agency, and state courts. Insofar as her Complaint alleges misconduct on the part of those entities, this Court lacks jurisdiction because it may only hear claims against the United States. Polinski v. United States, No. 2025-1561, 2025 WL 2536876, at *1 (Fed. Cir. Sept. 4, 2025), cert. denied, 223 L. Ed. 2d 571 (Jan. 20, 2026) (citing United States v. Sherwood, 312 U.S. 584, 587–88 (1941)).

## CONCLUSION

Based on the foregoing, Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge

2